# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN CHAMBERS, | ) | CASE NO. 3:25-cv-1418 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CHAE HARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James E. Grimes, Jr., recommending that the Court dismiss Petitioner Bryan Chambers's ("Chambers") petition (Doc. No. 1) and amended petition (Doc. No. 9) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 19.) Chambers timely filed objections to the R&R. (Doc. No. 20.)

For the reasons stated herein, Chambers's objections (Doc. No. 20) are **OVERRULED**, the thorough and well-reasoned R&R (Doc. No. 19) is **ADOPTED** in its entirety, and Chambers's petition (Doc. No. 1) and amended petition (Doc. No. 9) for a writ of habeas corpus are **DISMISSED**.

## I.  BACKGROUND[1]

On July 7, 2025, Chambers, who is currently incarcerated after having been convicted of kidnapping and felonious assault, filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 1, at 1.)[2] The matter was referred to the magistrate judge (*see* Doc. No. 6 (Order

---

[1] The R&R contains a more detailed recitation of the factual background in this case (*see* Doc. No. 19), to which Chambers does not object. This Court includes only the factual and procedural background pertinent to Chambers's objections.

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

of Referral)) who issued his R&R on April 1, 2026. (Doc. No. 19.) The magistrate judge found that all of the grounds for relief in the petition are procedurally defaulted because Chambers did not appeal any of the state court rulings to the highest state court. (*Id.* at 59.) The magistrate judge further concluded that Chambers had not demonstrated cause to excuse his procedural default. (*Id.* at 63–65.) Specifically, the magistrate judge noted that the evidence Chambers cited to regarding his custody arrangements and the condition of his son's wrist were already presented at trial and therefore could not constitute new reliable evidence showing actual innocence. (*Id.*) The magistrate judge also found that neither "body cam" footage from the responding police officers nor potential statements from Shawn Mahomes were probative of Chambers's actual innocence. (*Id.* at 64–65.) The magistrate judge recommended that Chambers's petition and amended petition for a writ of habeas corpus be dismissed. (*Id.* at 66.)

Chambers filed an objection to the R&R, contending actual innocence because: (i) his son's wrist was not broken (*see generally* Doc. No. 20); (ii) his due process rights were violated when the trial court prevented Shawn Mahomes from testifying (*id.* at 3); and (iii) that he could not have kidnapped his son because he was the custodial parent (*id.*).

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court *in light of specific objections* filed by any party." (emphasis added) (citations

omitted)); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*." (emphasis added)); LR 72.3(b) (any objecting party shall file "written objections which shall *specifically identify* the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections" (emphasis added)).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp.2d 743, 747 (E.D. Mich. 2004). "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) (quoting *Miller*, 50 F.3d at 380 (alterations in original)), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III. ANALYSIS OF OBJECTIONS

The Court has construed Chambers's objections liberally, as it must for all documents filed by *pro se* litigants. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers"). Even under a liberal construction, however, Chambers's objections are insufficient, in that they

simply summarize prior arguments and/or assert general disagreement with the magistrate judge's recommendation.

As he did in his traverse, Chambers's objections insist that actual innocence excuses his procedural default. (*See generally* Doc. No. 20.) Specifically, Chambers argues that he did not break his son's wrist (*id.* at 2 ("I presented the court with evidence of my sons [sic] wrist was not broken[.]")), that he could not have kidnapped his son (*id.* at 3 ("I was the custodial parent and *as I stated before* nothing barred me from getting my son out of school[.]" (emphasis added))), and that that his due process rights were violated because the trial court did not permit Shawn Mahomes to testify (*id.* at 2 ("Shawn Mahomes his [sic] would have shed light on the abuse allegations . . . and my due process rights was [sic] violated[.]")). But these exact arguments were presented in Chambers's traverse. (*See, e.g.,* Doc. No. 15 (Traverse), at 2 ("I also did not break my son's wrist . . . . I provided the courts with documents showing I did not[.]"); *id.* ("I was the custodial father and there was no court injunction barring me from getting my son from the school I put him in."); *id.* at 6 ("The trial court violated my Due Process Rights by not allowing a witness to testify[.]").) Accordingly, they are not proper objections and are denied for this reason alone.

Moreover, the magistrate judge rejected these arguments, noting that "[n]one of [the information presented by Chambers] [is] new evidence that wasn't presented at trial." (*Id.* at 64.) Chambers fails to address this key point. As the magistrate judge correctly observed, in order to demonstrate that this is one of the "extraordinary cases" for which actual innocence will excuse a procedural default, Chambers must come forward with "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Chambers fails to do so here, and it is fatal to his petition.

Upon review, the Court concludes that Chamber's objections do nothing more than simply summarize what has been presented before. Chambers himself admits as much. (*See* Doc. No. 20, at 2 ("[T]he evidence I provided the court should not be ignored."); *id.* at 3 (". . . as I stated before . . . ."); *id.* at 4 ("I beg this court to *reconsider* its decision[.]" (emphasis added)).) Not only are these objections improper, *see Aldrich*, 327 F. Supp. 2d at 747, they do not present any "new reliable evidence" that could show actual innocence to excuse his procedural default, *see Schlup*, 513 U.S. at 324. Chambers's "objections" are therefore overruled.

## IV. CONCLUSION

The Court concludes that Chambers's objections to the R&R fail to identify any specific objection to law or fact contained in the R&R. Thus, the objections (Doc. No. 20) are **OVERRULED**, the R&R (Doc. No. 19) is **ADOPTED**, and Chambers's petition (Doc. No. 1) and amended petition (Doc. No. 9) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 are **DISMISSED**. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

Dated: May 28, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5